█ CATHERINE SALZANO, Respondent, v CHRISTOPHER KORBA et al., Appellants. [745 NYS2d 56] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Orange County (McGuirk, J.), dated January 14, 2002, which granted the plaintiff's motion to renew the defendants' motion for summary judgment, which had been granted in a prior order of the same court, dated July 9, 2001, and, upon renewal, vacated the order dated July 9, 2001, and denied the defendants' motion for summary judgment.

Ordered that the order dated January 14, 2002, is modified, on the law, by deleting the provisions thereof vacating the order dated July 9, 2001, and denying the motion for summary judgment, and substituting therefor a provision adhering to the original determination granting the defendants' motion for summary judgment; as so modified, the order dated January 14, 2002, is affirmed, with costs to the defendants, and the order dated July 9, 2001, is reinstated.

The accident in issue occurred when the defendant Christopher Korba, a police officer operating a marked police car in response to an emergency, exited a police parking lot and turned left onto Route 211, which is a four-lane road. Officer Korba acknowledges that he did not recall whether he stopped at a stop sign at the exit. He was crossing the left eastbound lane of Route 211 when the plaintiff's vehicle struck the driver's side of his vehicle. Officer Korba claims that he did not see the plaintiff's vehicle prior to impact, since his "visibility was somewhat obscured by some trees [and] by the fact that the parking lot is below the level of the highway with a steep upgrade leading to Route 211."

In June 1999 the plaintiff commenced the instant action to recover damages for personal injuries, claiming that Officer Korba's negligence, inter alia, in failing to stop at the stop sign and yield the right-of-way was a proximate cause of the accident. The defendants, in their answer, asserted that Officer Korba was responding to an emergency, and therefore, was not required to yield the right-of-way. They moved for summary judgment, citing Vehicle and Traffic Law § 1104.

It is undisputed that Officer Korba, who was driving an emergency vehicle, enjoyed a qualified privilege pursuant to Vehicle and Traffic Law § 1104 which permitted him to disregard the ordinary rules of prudent and responsible driving (see Criscione v City of New York, 97 NY2d 152). The defendants may only be held liable if Officer Korba demonstrated a "reckless disregard" for the safety of others, which is defined as the conscious or intentional " 'do[ing] of an act of an unreasonable character in disregard of a known or obvious risk so great as to make it highly probable that harm would follow' and done with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d 494, 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]). A momentary lapse of judgment is insufficient to establish "the level of recklessness required of the driver of an emergency vehicle in order for liability to attach" (Szczerbiak v Pilat, 90 NY2d 553, 557; see Saarinen v Kerr, supra at 502).

In the instant case, the Supreme Court, in its original deter-

mination, held that Officer Korba's failure to come to a complete stop at a stop sign before exiting the police parking lot "does not rise to the level of recklessness." Since the plaintiffs failed to identify reckless conduct on the part of the police, summary judgment was properly granted to the defendants (*see Demutiis v City of New York,* 253 AD2d 734). The Supreme Court further noted that the plaintiff submitted an attorney's affirmation, which was insufficient to defeat a motion for summary judgment.

Thereafter, the plaintiff moved for leave to renew, based upon the affidavit and sworn accident reconstruction report of an expert. The Supreme Court granted leave to renew, and, upon renewal, found that there was an issue of fact as to whether Officer Korba acted recklessly.

The question of whether leave to renew was properly granted is unpreserved for appellate review, and, in any event, is without merit (*see Granato v Waldbaum's Inc.,* 289 AD2d 289). However, upon renewal, the Supreme Court should have adhered to its original determination. In its original determination, it properly concluded that Officer Korba's failure to come to a complete stop did not constitute recklessness. The expert's report submitted upon renewal stated that, in the opinion of the expert, Officer Korba's failure to stop at the stop sign, failure to yield the right of way, and the obstructed view of Route 211 from the exit to the parking lot, were proximate causes of the accident. The expert's report failed to identify any reckless conduct on the part of Officer Korba.

Further, upon renewal, the plaintiff submitted an affidavit attesting to her version of the accident for the first time in reply to the defendants' opposition papers. Accordingly, her affidavit was not properly before the court (*see Voytek Tech. v Rapid Access Consulting,* 279 AD2d 470).

In view of the foregoing, the Supreme Court should have adhered to its original determination in the order dated July 9, 2001, granting the defendants' motion for summary judgment. Prudenti, P.J., Smith, Friedmann and Townes, JJ., concur.