■ STEPHEN J. PACELLI, Individually and as Administrator of the Estate of RANDALL J. PACELLI, Deceased, Respondent, v CITY OF SYRACUSE, Appellant. [760 NYS2d 790] —Appeal from an order of Supreme Court, Onondaga County (McCarthy, J.), entered February 12, 2002, which denied defendant's motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Supreme Court erred in denying defendant's motion seeking summary judgment dismissing the complaint. Plaintiff's decedent was killed on Erie Boulevard in Syracuse during the police pursuit of third-party defendant, Corey A.

Isaac. Isaac had been stopped by a police officer in downtown Syracuse after the officer observed him run a red light. Isaac drove away as the officer approached his vehicle and, believing that Isaac was intoxicated, the officer pursued Isaac's vehicle. Other officers then joined in the pursuit. When Isaac attempted to access Seeley Road, his vehicle struck a curb, became airborne and landed on the vehicle driven by plaintiff's decedent. In support of its motion, defendant established that the pursuing officers followed Isaac at a safe distance; that they did not exceed the posted speed limits by more than 20 miles per hour, in compliance with the Syracuse Police Department pursuit policy; that the dispatcher was kept apprised of the actions of the police; that other officers took measures to protect the public by preventing drivers from entering the westbound lane of Erie Boulevard where Isaac and the police were traveling; and that the traffic on Erie Boulevard was light. We thus conclude that defendant established its entitlement to judgment as a matter of law by demonstrating that the officers involved in the pursuit of Isaac did not act with reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104 [e]; *Spalla v Village of Brockport,* 295 AD2d 900 [2002]). "This [reckless disregard] standard demands more than a showing of a lack of 'due care under the circumstances'—the showing typically associated with ordinary negligence claims. It requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*Saarinen v Kerr,* 84 NY2d 494, 501 [1994]). We further conclude that plaintiff failed to raise an issue of fact whether the police disregarded an " 'obvious risk that was so great as to make it highly probable that harm would follow' " and that they did so "with conscious indifference to the outcome" (*id.*). Contrary to the determination of the court in its written decision, the record establishes that the officer whose vehicle was parked in the median between the eastbound and westbound lanes of Erie Boulevard observed Isaac take the access ramp to Seeley Road, and the officer then moved his vehicle forward to ensure that it in no way blocked the roadway on which Isaac's vehicle was proceeding. We therefore reverse the order, grant defendant's motion and dismiss the complaint. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.