■ DONALD H. LUPOLE, Respondent, v MATTHEW ROMANO et al., Appellants. [762 NYS2d 838] —Mugglin, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered August 27, 2002 in Tioga County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff was injured in a collision with a police vehicle owned by defendant Village of Owego in Tioga County, and operated by defendant Matthew Romano, a police officer. The collision occurred at a controlled intersection as the police vehicle responded to a call regarding a fight in progress. Following joinder of issue and completion of certain discovery, defendants sought summary judgment dismissing the complaint, asserting that since Romano was on a police call and did not engage in

reckless operation of the vehicle, there is no liability as a matter of law. Supreme Court denied the motion due to the existence of unresolved issues of fact and defendants now appeal.

The operative statute is Vehicle and Traffic Law § 1104, which permits authorized emergency vehicles to disregard certain rules of the road (*see* Vehicle and Traffic Law § 1104 [b] [1]-[4]). Liability may be imposed in circumstances where the operation of the police vehicle rises to the level of recklessness (*see* Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr*, 84 NY2d 494, 501 [1994]). Thus, to prove liability, a plaintiff must establish that the officer's operation constituted a "conscious or intentional doing of an act of an unreasonable character in disregard of a known or obvious risk so great as to make it highly probable that harm would follow, and done with conscious indifference to the outcome" (*Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]; *see Saarinen v Kerr, supra* at 501; *Campbell v City of Elmira*, 84 NY2d 505, 510 [1994]).

There is no dispute that Romano was operating an authorized emergency vehicle, and that he was dispatched to a fight in progress, thereby being engaged in emergency operation of an emergency vehicle (*see* Vehicle and Traffic Law §§ 101, 114-b, 1104 [e]; *Criscione v City of New York*, 97 NY2d 152 [2001]). Nevertheless, Supreme Court held that issues of fact exist as to whether or not Romano operated the police vehicle in reckless disregard for the safety of others.

We affirm. Romano testified at his deposition that as he drove from the police station, he followed standard operating procedure when responding to an emergency call and switched on the overhead lights, that as he proceeded into the intersection, he had a green light, that he manually activated his siren 20 to 30 feet before the intersection and that he did not observe plaintiff's vehicle. Further, he claimed that he slowed down as he entered the intersection, although he did not know the speed at which he was traveling. In contrast, plaintiff claims that he had the green light and he neither saw the red lights of the police vehicle nor heard its siren. Several witnesses submitted statements for plaintiff in which they aver that they heard no siren and that the emergency lights on the police vehicle came on only after it came to rest. Under these circumstances, unresolved issues of fact preclude a grant of summary judgment and, if resolved against Romano by a jury, would allow it to reasonably conclude that he was reckless in proceeding through the intersection against a red light without having activated the lights and siren (*see Campbell v City of Elmira, supra* at 511).

We decline to address plaintiff's procedural arguments because they have been rendered academic by this decision.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.