MOIRA HUGHES, Plaintiff, v KALEENA CHIERA et al., Defendants. (Action No. 1.) MOIRA HUGHES, Respondent, v CITY OF SYRACUSE et al., Appellants. (Action No. 2.) [772 NYS2d 772]—

Appeal from an order of the Supreme Court, Onondaga County (Charles T. Major, J.), entered March 13, 2003. The order denied defendants' motion for summary judgment dismissing the complaint in action No. 2 in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint in action No. 2 is dismissed.

Memorandum: Plaintiff commenced action No. 2 seeking damages for injuries she allegedly sustained when the vehicle that she was driving collided with a vehicle operated by defendant Stephen D. Para and owned by defendant City of Syracuse (City). Just before the accident, Para, a police officer employed by the City, had received a dispatch for what Para described at his deposition as a "traffic stop." After responding to the dispatch using the microphone in the vehicle, he looked down in order to replace the microphone, whereupon his vehicle rolled into the intersection.

Supreme Court erred in denying defendants' motion seeking summary judgment dismissing the complaint in action No. 2. Para was driving a patrol car and responding to a police dispatch, and thus he is deemed to have been driving an emergency vehicle involved in an emergency operation (*see* Vehicle and Traffic Law §§ 101, 114-b; *Criscione v City of New York*, 97 NY2d 152, 156-158 [2001]). Consequently, his actions are measured by the "reckless disregard" standard set forth in Vehicle and Traffic Law § 1104 (e). Defendants established as a matter of law that Para's conduct does not rise to the level of reckless disregard, i.e., "the conscious or intentional doing of an act of an unreasonable character in disregard of a known or obvious risk so great as to make it highly probable that harm would follow, and done with conscious indifference to the outcome" (*Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]). Plaintiff failed to raise a triable issue of fact in opposition to the motion (*see Salzano v Korba*, 296 AD2d 393 [2002]). In light of our determination, we need not address the remaining contentions of the defendants in action No. 2. Present—Green, J.P., Pine, Wisner, Gorski and Lawton, JJ.