ROSAMOND PALMER, Respondent, v CITY OF SYRACUSE et al., Appellants. [787 NYS2d 802]—

Appeal from an order of the Supreme Court, Onondaga County (Charles T. Major, J.), entered May 19, 2004. The order denied defendants' motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the amended complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she allegedly suffered when the vehicle she was driving collided with a Syracuse Police Department

vehicle being driven by defendant Officer John F. Kavanaugh. Shortly before the collision, Officer Kavanaugh received a radio call indicating that another officer needed assistance at a nearby intersection. As the vehicle of Officer Kavanaugh approached an intersection, his direction of travel had a red light and the cross street had a green light. Officer Kavanaugh's testimony, supported by the sworn statements of independent witnesses, was that Officer Kavanaugh had his lights and siren activated and that he stopped prior to entering the intersection and "inched forward" into the lane of traffic whereupon the collision occurred.

Supreme Court erred in denying defendants' motion for summary judgment dismissing the amended complaint. Plaintiff agrees that Officer Kavanaugh was driving an emergency vehicle in an emergency situation. Consequently, defendants are shielded from liability unless Officer Kavanaugh is shown to have acted with "reckless disregard" of the safety of others (Vehicle and Traffic Law § 1104 [e]). The officer's conduct will violate this standard if the officer has " 'intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d 494, 501 [1994]).

As the proponents of the motion for summary judgment, defendants bore the initial burden of establishing that Officer Kavanaugh's conduct did not amount to reckless disregard of the safety of others (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Defendants met that burden by establishing the facts set forth above, and the burden then shifted to plaintiff to come forward with sufficient admissible evidence to raise a question of fact as to whether the officer's actions violated the standard (see Zuckerman v City of New York, 49 NY2d 557, 562 [1975]). The deposition submitted by plaintiff failed to meet that burden (see Szczerbiak v Pilat, 90 NY2d 553, 557 [1997]; Hughes v Chiera, 4 AD3d 872, 873 [2004]; Salzano v Korba, 296 AD2d 393, 395 [2002]). We therefore reverse the order, grant the motion for summary judgment and dismiss the amended complaint. Present—Hurlbutt, J.P., Scudder, Kehoe, Smith and Hayes, JJ.