■ RICHARD J. HAM et al., Respondents, v CITY OF SYRACUSE et al., Appellants. [829 NYS2d 770]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered June 2, 2006 in a personal injury action. The order denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries allegedly sustained by Richard J. Ham (plaintiff) when a police vehicle operated by Nelson Aquino (defendant), a police officer for defendant City of Syracuse, collided with plaintiff's vehicle at the intersection of Townsend Street and the off-ramp of an interstate highway. Defendants moved for summary judgment dismissing the complaint on the ground that defendant was not reckless as a matter of law, pursuant to Vehicle and Traffic Law § 1104 (e). Supreme Court properly denied the motion on the ground that there is an issue of fact whether defendant was operating his police vehicle in reckless disregard for the safety of others.

At the time of the accident, defendant and his partner were responding to a call to assist another officer with respect to a nearby fight in progress. According to the deposition testimony of defendant, he stopped at the red light at the intersection of Townsend Street and the off-ramp for "[m]aybe a minute or two" and then, while the light was still red, he "inched" through the intersection to see if any traffic was coming from the off-ramp. According to the deposition testimony of defendant's partner, defendant did not stop, but "slowed down to . . . creep through [the intersection] to try to look over the blind wall that is there." It is undisputed that the intersection at issue is a "blind" intersection with extremely limited sight lines for traffic coming off of the expressway and that neither the siren nor the emergency lights on the police vehicle were activated before the vehicle entered the intersection.

"The manner in which a police officer operates his or her vehicle in responding to an emergency call may not form the basis for civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others" (*Badalamenti v City of New York*, 30 AD3d 452, 452 [2006]; *see* Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr*, 84 NY2d 494, 501-

502 [1994]). "The officer's conduct will violate this standard if the officer has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (*Palmer v City of Syracuse*, 13 AD3d 1229, 1230 [2004] [internal quotation marks omitted]; *see Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]; *Lupole v Romano*, 307 AD2d 697, 698 [2003]).

We conclude that defendants met their initial burden on the motion by establishing that defendant was operating an authorized emergency vehicle in a reasonable manner while responding to a call for officer assistance relating to a fight in progress (*see Palmer*, 13 AD3d at 1230; *Hughes v Chiera*, 4 AD3d 872, 873 [2004]). We further conclude, however, that plaintiffs submitted evidence raising an issue of fact whether defendant acted in reckless disregard for the safety of others by entering a blind intersection against the red traffic light at a questionable speed without first activating his emergency lights and siren (*see Badalamenti*, 30 AD3d 452 [2006]; *Lupole v Romano*, 307 AD2d 697 [2003]; *Allen v Town of Amherst*, 294 AD2d 828 [2002], *lv denied* 3 NY3d 609 [2004]). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Lunn, JJ.