■ Abraham Krulik et al., Respondents, v County of Suffolk et al., Appellants. [878 NYS2d 436]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated January 2, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The manner in which a police officer operates his or her vehicle in responding to an emergency may form the basis of civil liability to an injured third party if the officer acts in reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104 [e]; *Criscione v City of New York*, 97 NY2d 152, 156 [2001]; *Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *Ferrara v Village of Chester*, 57 AD3d 719 [2008]). The "reckless disregard" standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (*see Campbell v City of Elmira*, 84 NY2d 505, 510 [1994]; *Saarinen v Kerr*, 84 NY2d 494 [1994]).

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law demonstrating that the defendant police officer was engaged in an emergency operation at the time of the subject collision (*see* Vehicle and Traffic Law § 114-b), and that the officer's conduct did not rise to the level of reckless disregard for the safety of others (*see Meade v Chestnut*, 53 AD3d 645 [2008]; *Puntarich v County of Suffolk*, 47 AD3d 785 [2008]; *Salzano v Korba*, 296 AD2d 393 [2002]), the plaintiffs submitted the deposition testimony of two witnesses, which raised triable issues of fact as to whether the siren and emergency lights on the officer's vehicle were activated and whether that vehicle slowed down prior to entering the intersection at which the collision occurred. Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint (*see Campbell v City of Elmira*, 84 NY2d 505 [1994]; *Badalamenti v City of New York*, 30 AD3d 452 [2006]; *Lupole v Romano*, 307 AD2d 697 [2003]). Skelos, J.P., Florio, Leventhal and Hall, JJ., concur. [*See* 2007 NY Slip Op 33971(U).]