MICHAEL J. LoGRASSO et al., Respondents, v CITY OF TONAWANDA et al., Appellants. (Appeal No. 1.) [930 NYS2d 129]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Michael J. LoGrasso (plaintiff) when the vehicle he was driving was struck by a police vehicle driven by defendant Michael E. Rogers, a detective in defendant City of Tonawanda Police Department. In appeal No. 1, defendants appeal from that part of an order denying their motion seeking summary judgment dismissing the complaint on the ground that the accident occurred when Rogers was engaged in an emergency operation while proceeding past a stop sign and as a matter of law did not drive with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]). According to defendants, Supreme Court erred in determining that the standard of ordinary negligence applies in this case. In appeal No. 2, defendants appeal from an order denying their subsequent motion seeking summary judgment

dismissing the complaint on the ground that plaintiff did not sustain a serious injury as a result of the accident within the meaning of Insurance Law § 5102 (d).

With respect to the order in appeal No. 1, we conclude that the court properly denied defendants' motion. "[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104 (e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b)" (*Kabir v County of Monroe*, 16 NY3d 217, 220 [2011]). Here, Rogers did not in fact proceed past a stop sign, conduct that is exempted from the rules of the road under section 1104 (b), but rather he stopped and looked both ways before he proceeded into the intersection and struck plaintiff's vehicle. Thus, the court properly concluded that his "injury-causing conduct . . . is governed by the principles of ordinary negligence" (*Kabir*, 16 NY3d at 220), and there are triable issues of fact in the record before us with respect to his alleged negligence (*see Tatishev v City of New York*, 84 AD3d 656, 657 [2011]).

With respect to the order in appeal No. 2, we conclude that the court properly denied defendants' motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury in the accident. Defendants met their initial burden by submitting evidence that plaintiff's alleged disc injury was related to a preexisting condition (*see Carrasco v Mendez*, 4 NY3d 566, 579-580 [2005]; *Clark v Perry*, 21 AD3d 1373, 1374 [2005]). Plaintiffs, however, raised a triable issue of fact precluding summary judgment by submitting objective medical evidence that plaintiff's alleged C6-C7 herniated disc injury is distinguishable from his preexisting condition and is causally related to the accident (*see Schultz v Penske Truck Leasing Co., L.P.*, 59 AD3d 1119, 1120-1121 [2009]). Present—Centra, J.P., Fahey, Sconiers, Green and Martoche, JJ.