In a consolidated action, inter alia, to recover damages for personal injuries, etc., the defendants Suffolk County Police Department, Suffolk County Sheriff Department, and Police Officer Lola Quesada appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated January 13, 2012, as denied those branches of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of authorized emergency vehicles from certain traffic laws when they are involved in an emergency operation (see Kabir v County of Monroe, 16 NY3d 217, 222-224 [2011]; Szczerbiak v Pilot, 90 NY2d 553, 556 [1997]; Saarinen v Kerr, 84 NY2d 494, 497 [1994]). The emergency operation of a police vehicle includes “responding to . . . [a] police call” (Vehicle and Traffic Law § 114-b). A radio call to an officer on patrol by a police dispatcher regarding a 911 complaint falls squarely within the plain meaning of “police call” (see Criscione v City of New York, 97 NY2d 152, 157-158 [2001]). When a police officer engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b), such conduct may not form the basis of civil liability to an injured third party unless the officer acts in reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104 [e]; Criscione v City of New York, 97 NY2d at 156-157; Saarinen v Kerr, 84 NY2d at 501). The “reckless disregard” standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (see Campbell v City of Elmira, 84 NY2d 505, 510 [1994]; Saarinen v Kerr, 84 NY2d at 501).
*919 In opposition to the appellants’ prima facie showing of entitlement to judgment as a matter of law demonstrating that the defendant Lola Quesada (hereinafter the police officer) was engaged in an emergency operation at the time of the subject collision, and that the police officer’s conduct did not rise to the level of reckless disregard for the safety of others when she proceeded past a stop sign (see Vehicle and Traffic Law § 1104), the respondents submitted the deposition testimony of four witnesses, which raised triable issues of fact as to whether the siren and emergency lights on the police officer’s vehicle were activated and whether that vehicle slowed down prior to entering the intersection at which the collision occurred. Under these circumstances, where it was undisputed that the police officer did not stop for the stop sign at the intersection in question, and she testified at her deposition that she looked to the right rather than the left—the direction from which the respondents’ vehicle was approaching—before entering the subject intersection, the Supreme Court properly denied that branch of the appellants’ motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, as there were triable issues of fact as to whether the defendant police officer operated her motor vehicle in reckless disregard for the safety of others (see Krulik v County of Suffolk, 62 AD3d 669, 670 [2009]; Britt v Bustamante, 55 AD3d 858, 859 [2008]; Burrell v City of New York, 49 AD3d 482, 483 [2008]; Ham v City of Syracuse, 37 AD3d 1050, 1052 [2007]; Badalamenti v City of New York, 30 AD3d 452, 453 [2006]; Lupole v Romano, 307 AD2d 697, 698 [2003]; cf. Elnakib v County of Suffolk, 90 AD3d 596, 597 [2011]).
Contrary to the appellants’ contention, they were not entitled to summary judgment on the ground that both the driver and the front-seat passenger of the nonpolice vehicle admitted in sworn police department statement forms that the driver failed to stop at the stop sign controlling his vehicle, in violation of Vehicle and Traffic Law § 1142 (a) and, therefore, was negligent as a matter of law (see Francavilla v Doyno, 96 AD3d 714, 715 [2012]; Duran v Simon, 83 AD3d 654 [2011]; Singh v Singh, 81 AD3d 807, 808 [2011]; Corwin v Heart Share Human Servs. of N.Y., 66 AD3d 814, 815 [2009]; Laino v Lucchese, 35 AD3d 672, 672 [2006]). The deposition testimony of those witnesses contradicted the sworn statements, presenting a credibility issue for a jury to determine (see generally Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012]; Forrest v Jewish Guild for the Blind, 3 NY3d 295, 315 [2004]; Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]). Furthermore, triable issues of fact exist as to whether the conduct of the police officer was reckless *920 and whether such reckless conduct was a proximate cause of the accident (cf. Shea v Judson, 283 NY 393, 398 [1940]; Wilson v Rosedom, 82 AD3d 970 [2011]; Cox v Nunez, 23 AD3d 427 [2005]).
Balkin, J.E, Leventhal, Roman and Hinds-Radix, JJ., concur.