In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered November 29, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly was injured while crossing Westchester Avenue in the Village of Port Chester when she entered the street from between two parked cars and was struck by a marked Village of Port Chester police vehicle with lights and siren engaged. The plaintiff was not within a crosswalk when she was struck.
“[T]he driver of an ‘authorized emergency vehicle’ engaged in an ‘emergency operation’ is exempt from certain ‘rules of the road’ under Vehicle and Traffic Law § 1104” (Criscione v City of New York, 97 NY2d 152, 156 [2001] [citations omitted]; see Kabir v County of Monroe, 16 NY3d 217 [2011]; Mouzakes v County of Suffolk, 94 AD3d 829 [2012]). The manner in which a police officer operates his or her vehicle in an emergency situation may not form the basis for civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104 [e]; Saarinen v Kerr, 84 NY2d 494, 501 [1994]; Quintana v Wallace, 95 AD3d 1287 [2012]; Daly v County of Westchester, 63 AD3d 988 [2009]; Puntarich v County of Suffolk, 47 AD3d 785 [2008]). “The ‘reckless disregard’ standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly *975 probable that harm would follow” (Ferrara v Village of Chester, 57 AD3d 719, 720 [2008]; see Campbell v City of Elmira, 84 NY2d 505, 510 [1994]; Saarinen v Kerr, 84 NY2d at 494; Hemingway v City of New York, 81 AD3d 595 [2011]; Daly v County of Westchester, 63 AD3d at 989).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the police officer operating the vehicle which struck the plaintiff was engaged in an emergency operation at the time of the collision (see Vehicle and Traffic Law § 114-b), and that the officer’s conduct did not rise to the level of reckless disregard for the safety of others (see Saarinen v Kerr, 84 NY2d at 494; Hemingway v City of New York, 81 AD3d at 595; Woodard v Thomas, 77 AD3d 738 [2010]; Daniels v City of New York, 28 AD3d 415 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (see Meade v Chestnut, 53 AD3d 645 [2008]; Puntarich v County of Suffolk, 47 AD3d 785 [2008]; Daniels v City of New York, 28 AD3d at 415). Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Dillon, J.E, Chambers, Austin and Roman, JJ., concur.