In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated March 21, 2012, which granted that branch of the motion of the defendants City of New York, New York City Police Department, Police Officer Nelson Fernandez, and Police Officer Leonard Davis, which was for summary judg *589 ment dismissing the complaint insofar as asserted against them, and denied his cross motion for summary judgment on the issue of liability.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants City of New York, New York City Police Department, Police Officer Nelson Fernandez, and Police Officer Leonard Davis which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In the course of responding to a police call, Police Officer Nelson Fernandez, who was accompanied by Police Officer Leonard Davis, drove an unmarked police vehicle through an intersection against a red light. The police vehicle collided with another car in the intersection, and was propelled by the impact to hit the plaintiff, a pedestrian. The plaintiff subsequently commenced an action against, among others, the City of New York, the New York City Police Department, Fernandez, and Davis (hereinafter collectively the City defendants), seeking damages for personal injuries. The City defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court granted the defendants’ motion and denied the plaintiffs cross motion.
The manner in which a police officer operates his or her vehicle in an emergency situation may not form the basis for civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104 [e]; Saarinen v Kerr, 84 NY2d 494, 501 [1994]; Rincon v Dusenbury, 106 AD3d 974 [2013]; Quintana v Wallace, 95 AD3d 1287 [2012]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that Fernandez and Davis, who were responding to a police call, were engaged in an emergency operation at the time of the collision (see Vehicle and Traffic Law § 114-b; Criscione v City of New York, 97 NY2d 152, 157-158 [2001]), and that the officers’ conduct did not rise to the level of reckless disregard for the safety of others (see Rincon v Dusenbury, 106 AD3d at 975).
However, in opposition, the plaintiff raised a triable issue of fact as to whether the officers acted in reckless disregard for the safety of others. Specifically, the plaintiff’s evidence, including an expert affidavit and deposition testimony of a police captain *590 who reviewed the collision, raised triable issues as to whether the officers properly used the sirens, and whether Fernandez stopped the police vehicle before entering the intersection or slowed sufficiently, particularly in light of the large number of pedestrians in the area and certain conditions which allegedly obstructed the officers’ ability to observe traffic on the road that had the right of way (see Miller v Suffolk County Police Dept., 105 AD3d 918, 919 [2013]; Krulik v County of Suffolk, 62 AD3d 669, 670 [2009]; Corallo v Martino, 58 AD3d 792, 793 [2009]; Britt v Bustamante, 55 AD3d 858, 859 [2008]; Badalamenti v City of New York, 30 AD3d 452 [2006]). Accordingly, that branch of the City defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them should have been denied.
The plaintiffs cross motion for summary judgment on the issue of liability, which was based upon the assertion that the officers were not entitled to exercise the qualified privileges set forth in Vehicle and Traffic Law § 1104 (b), was properly denied, as the plaintiff failed to demonstrate, prima facie, that Fernandez and Davis were not engaged in an emergency operation at the time of the collision (see Vehicle and Traffic Law § 114-b; Criscione v City of New York, 97 NY2d at 157-158). Skelos, J.E, Balkin, Leventhal and Sgroi, JJ., concur.