Lindley and Sconiers, JJ.
(dissenting). We respectfully dissent because we conclude, based on the facts and circumstances of the subject motor vehicle accident, that Vehicle and Traffic Law § 1103 (b) does not apply as a matter of law in this case. We therefore conclude that Supreme Court properly refused to dismiss the negligence claims in the first cause of action. Specifically, while we agree with the majority that the access road where the accident occurred constitutes a “highway” (see generally Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]; Healy v City of Tonawanda, 234 AD2d 982, 983 [1996]), we conclude that the actions of defendant David J. Grzybek, an employee of defendant Town of Cheektowaga (Town), at the time of the accident are not protected by the statute because he was not “actually engaged in work on a highway” as contemplated by the statute (§ 1103 [b]).
It is undisputed that (1) Grzybek’s duties had included plowing snow, but on the day of the accident he was assigned to perform maintenance and janitorial work at the Town’s senior center; (2) on this date in late March, the snow plow was on the pickup truck that Grzybek was driving only because the Town had not yet had the time or opportunity to remove it; (3) Grzybek was returning from lunch at the time of the accident and he had chosen this route along this access road simply for “a change of scenery”; (4) it was not common to use a plow to move water from a road, but it had been done on previous occa *1414 sions; (5) there was no proof that plows were ever used to remove debris from a road; (6) Grzybek was not instructed to remove the water and debris from this access road, but did so on his own initiative; (7) he had, in fact, never been instructed by a supervisor to use a plow to remove either water or debris from roads; (8) there is no evidence suggesting that the water or debris posed an immediate hazard on this access road; and (9) Grzybek was terminated as a result of this incident. Notably, Grzybek testified that, depending on the nature of the debris, the usual procedure for removing debris from roads involved using high lifts or brooms.
Vehicle and Traffic Law § 1103 is a statute in derogation of the common law. “ ‘The Legislature in enacting statutes is presumed to have been acquainted with the common law, and generally, statutes in derogation or in contravention thereof, are strictly construed, to the end that the common law system be changed only so far as required by the words of the act and the mischief to be remedied’ ” (Kirshtein v AmeriCU Credit Union, 65 AD3d 147, 152 [2009], quoting McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [a], Comment at 459-460). Moreover, given that this statute is “ ‘in derogation of [a] plaintiff’s common-law rights,’ the statute . . . should be strictly construed in the plaintiff[s’] favor” (Goodwin v Pretorius, 105 AD3d 207, 216 [2013]).
The majority’s overly broad application of section 1103 (b) in this case stands in stark contrast to the much narrower scope that courts have afforded to Vehicle and Traffic Law § 1104. Section 1104 applies the reckless disregard standard to an “authorized emergency vehicle,” but only if the driver of that vehicle is engaged in an “emergency operation” as that term is defined in Vehicle and Traffic Law § 114-b and the driver is engaged in one of the specific types of protected conduct enumerated in Vehicle and Traffic Law § 1104 (b) (see Kabir v County of Monroe, 16 NY3d 217, 220 [2011]; LoGrasso v City of Tonawanda, 87 AD3d 1390, 1391 [2011]).
Given the limits that the statute and case law apply to Vehicle and Traffic Law § 1104 for first responders, we conclude that the legislature could not possibly have intended to apply such a broad interpretation to the phrase “actually engaged in work on a highway” in Vehicle and Traffic Law § 1103 (b) as that applied by the majority here. It is clear that, on the day of the subject accident, Grzybek was not assigned to clear water or debris from this access road or any other road in the Town. Moreover, he was not assigned that day to use the plow on this pickup in any way whatsoever, and his use of the truck on this *1415 day was solely to transport himself and any equipment necessary to perform maintenance and janitorial work. By applying Vehicle and Traffic Law § 1103 (b) as a matter of law in this case, the majority is effectively holding that the statute applies in every case to all public employees, no matter their status, duties or job assignments, who, at any time, decide, in their sole discretion, to use even the most inept, incompetent and ill-advised methods to perform a task that could possibly be construed as “work on a highway,” thereby leaving injured persons uncompensated for their injuries unless they can satisfy the “reckless disregard for the safety of others” standard. Such a result extends the scope of Vehicle and Traffic Law § 1103 (b) far beyond what the legislature intended, especially given the corresponding limits that Vehicle and Traffic Law § 1104 places on the police and other first responders. We would therefore apply the standard of ordinary negligence to defendants in this personal injury action, and we would affirm the amended order.
Present—Scudder, EJ., Smith, Carni, Lindley and Sconiers, JJ.