# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

779

CA 13-01790

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

APRIL M. WILLIAMS,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CHARLES A. FASSINGER AND CITY OF SYRACUSE,
DEFENDANTS-APPELLANTS-RESPONDENTS.
(APPEAL NO. 1.)

MARY ANNE DOHERTY, CORPORATION COUNSEL, SYRACUSE (ANN M. ALEXANDER OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.

GREENE & REID, PLLC, SYRACUSE (EUGENE W. LANE OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

-------------------------------------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Hugh A. Gilbert, J.), entered May 3, 2013. The order denied the motion of plaintiff and cross motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendants' cross motion and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when her vehicle collided at an intersection with a police vehicle owned by defendant City of Syracuse (City) and operated by defendant Charles A. Fassinger, a police officer employed by the City (hereafter, defendant officer). Plaintiff thereafter moved for partial summary judgment on liability, i.e., negligence and serious injury, and defendants cross-moved for summary judgment dismissing the complaint on the ground that they are afforded qualified immunity by Vehicle and Traffic Law § 1104 (e). By the order in appeal No. 1, Supreme Court denied the motion and the cross motion. Plaintiff moved, and the City cross-moved, for leave to reargue. By the order in appeal No. 2, the court granted that part of plaintiff's motion seeking summary judgment on the issue of serious injury, apparently on stipulation of the parties, but otherwise denied the motion and further denied the City's cross motion for leave to reargue. We note at the outset that we dismiss the City's appeal from the order in appeal No. 2 inasmuch as the order denying the cross motion for leave to reargue is not appealable (see *Empire Ins. Co. v Food City*, 167 AD2d 983, 984).

     With respect to appeal No. 1, we agree with defendants that the applicable standard of liability is reckless disregard for the safety of others as set forth in Vehicle and Traffic Law § 1104 (e) (*see generally Criscione v City of New York*, 97 NY2d 152, 157-158).  At the time of the collision, defendant officer was responding to a police call and was therefore operating an authorized emergency vehicle while involved in an emergency operation (*see* §§ 101, 114-b; *Criscione*, 97 NY2d at 157-158; *Hughes v Chiera*, 4 AD3d 872, 873).  We further conclude that, by failing to yield the right of way while attempting to execute a left turn at a green light, defendant officer was "engage[d] in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b)" (*Kabir v County of Monroe*, 16 NY3d 217, 220), i.e., he was "exercis[ing one of] the privileges set forth in" the statute at the time of the accident (§ 1104 [a]; *see Kabir*, 16 NY3d at 223; *Dodds v Town of Hamburg*, 117 AD3d 1428, ____).

     We further conclude that defendants established as a matter of law that defendant officer's conduct did not rise to the level of reckless disregard for the safety of others (*see Szczerbiak v Pilat*, 90 NY2d 553, 556-557), and that plaintiff failed to raise a triable issue of fact in opposition to the cross motion (*see Herod v Mele*, 62 AD3d 1269, 1270, *lv denied* 13 NY3d 717; *Hughes*, 4 AD3d at 873; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Defendant officer testified that, as he was approaching the intersection in a southbound direction, the only traffic he observed was a line of northbound vehicles waiting to turn left.  When he reached the intersection, he stopped for a "few seconds" to ensure that the intersection was clear.  Defendant officer testified that he could see a distance of approximately three car lengths in the right northbound lane and that he did not see any traffic in that lane when he started his turn.  He then "cre[pt] into the intersection, making sure . . . nobody was passing on the right of the vehicles stopped to make a left."  Plaintiff similarly testified that there was a line of cars in the northbound lane preparing to turn left, that she "veered to the right" around the line of cars in order to proceed straight through the intersection, and that the accident occurred in the intersection.  We thus conclude that, "[g]iven the evidence of precautions taken by [defendant officer] before he attempted his [left] turn, . . . he did not act with 'conscious indifference' to the consequences of his actions" (*Green v State of New York*, 71 AD3d 1310, 1312, quoting *Saarinen v Kerr*, 84 NY2d 494, 501; *see Dodds*, 117 AD3d at ____).  We therefore modify the order in appeal No. 1 by granting defendants' cross motion for summary judgment dismissing the complaint.

Entered:  July 3, 2014                        Frances E. Cafarell
                                              Clerk of the Court