# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

547

CA 13-00383

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

CHALINA RUIZ, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

BRENDAN L. COPE AND CITY OF SYRACUSE,
DEFENDANTS-APPELLANTS.

---

ROBERT P. STAMEY, CORPORATION COUNSEL, SYRACUSE, D.J. & J.A. CIRANDO,
ESQS. (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

GREENE & REID, PLLC, SYRACUSE (EUGENE W. LANE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered November 29, 2012. The order and judgment awarded plaintiff money damages upon a nonjury verdict.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendants appeal from an order and judgment awarding plaintiff damages following a nonjury trial. Plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained when the vehicle she was driving collided with a Syracuse Police Department (SPD) vehicle being driven by Brendan L. Cope (defendant), a police officer who was in the process of "field training" under the supervision of a sergeant. Shortly before the collision at a blind intersection, defendant received a "priority one," "shots-fired" radio call, and the sergeant activated the vehicle's siren and lights. As defendant's vehicle approached the intersection, his direction of travel had a red light, and the cross street on which plaintiff was driving had a green light. Defendant failed to come to a complete stop prior to entering the intersection, in violation of SPD rules and regulations. Witness testimony and the physical evidence, including a 45-foot skid mark, presented conflicting accounts whether defendant slowed down or came to a near stop prior to entering the intersection and whether he failed to look left, i.e., in plaintiff's direction.

Defendants contend, inter alia, that Supreme Court erred in denying that part of their pretrial motion for summary judgment dismissing the complaint on the ground that defendant's actions do not rise to the level of recklessness required under Vehicle and Traffic

Law § 1104.  We reject that contention.  Although defendants met their initial burden on the motion, we conclude that plaintiff raised a triable issue of fact whether defendant acted with "reckless disregard for the safety of others" in his operation of the police vehicle (§ 1104 [e]; *see generally Saarinen v Kerr*, 84 NY2d 494, 501).  Specifically, plaintiff submitted evidence that defendant was traveling at an excessive rate of speed; that defendant did not slow down or look left as he approached the intersection; that defendant's direction of travel was controlled by a red light; that a building obstructed defendant's and plaintiff's views of each other; that there was other vehicular traffic in the vicinity; that the roads were wet; and that defendant had violated the rules and regulations of the SPD (*see Ham v City of Syracuse*, 37 AD3d 1050, 1052, *lv dismissed* 8 NY3d 976; *Allen v Town of Amherst*, 294 AD2d 828, 829, *lv denied* 3 NY3d 609; *see generally Elnakib v County of Suffolk*, 90 AD3d 596, 597).

Contrary to defendants' further contention, we conclude that the court's finding following the trial that defendant had "intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and ha[d] done so with conscious indifference to the outcome" was based on a fair interpretation of the evidence (*Ham*, 37 AD3d at 1052 [internal quotation marks omitted]; *see Campbell v City of Elmira*, 84 NY2d 505, 508, 510-511; *see generally Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170).  Furthermore, the court's apportionment of liability is amply supported by the record (*cf. Don Vito v State of New York*, 182 AD2d 1070, 1071).

Likewise, we reject defendants' contention that the court's determination that plaintiff sustained a "serious injury" under the 90/180-day and significant limitation of use categories of Insurance Law § 5102 (d) is not supported by objective medical evidence.  Plaintiff provided objective evidence of her injuries in the form of her chiropractor's quantification of her loss of range of motion and observations of muscle spasms, MRI reports, and an EMG study (*see generally Limardi v McLeod*, 100 AD3d 1375, 1376-1377; *Frizzell v Giannetti*, 34 AD3d 1202, 1203).

Lastly, defendants failed to preserve for our review their contention that plaintiff's vicarious liability claim against defendant City of Syracuse (City) should have precluded her negligent training and supervision claim against the City (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  In any event, although we agree with defendants that the undisputed fact that defendant was acting within the scope of his employment should have precluded plaintiff as a matter of law from bringing a claim that the City was liable for the negligent training and supervision of defendant (*see Leftenant v City of New York*, 70 AD3d 596, 597; *Matter of Trader v State of New York*, 277 AD2d 978, 978), we conclude that the court's determination that the City negligently trained and supervised defendant is harmless (*see* CPLR 2002), inasmuch as the City is nonetheless vicariously liable under the doctrine of respondeat superior (*see* General Municipal Law §

50-c; *see generally Pacelli v City of Syracuse*, 305 AD2d 1062, 1063).