Levere v City of Syracuse (2019 NY Slip Op 04613)





Levere v City of Syracuse


2019 NY Slip Op 04613


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


1395 CA 18-01208

[*1]DESHANE LEVERE, SHARMA EAGAN, SIERRA PEREZ AND SHADIE PEREZ, PLAINTIFFS-RESPONDENTS,
v
CITY OF SYRACUSE, A MUNICIPAL CORPORATION, POLICE DEPARTMENT OF CITY OF SYRACUSE AND ERIC . GERACE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER OF CITY OF SYRACUSE, DEFENDANTS-APPELLANTS. 






KRISTEN E. SMITH, CORPORATION COUNSEL, SYRACUSE (TODD LONG OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
COHEN COMPAGNI BECKMAN APPLER & KNOLL, PLLC, SYRACUSE (ANASTASIA M. SEMEL OF COUNSEL), AND FIELD LAW GROUP, P.C., NEW YORK CITY, FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered December 21, 2017. The order, insofar as appealed from, denied in part defendants' motion for summary judgment dismissing plaintiffs' complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.
Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries they allegedly sustained when the vehicle in which they were traveling was struck in an intersection by a police vehicle operated by defendant Eric V. Gerace (defendant officer), a police officer employed by defendant Police Department of the City of Syracuse, while he was responding to an emergency call. Defendants thereafter moved for summary judgment dismissing the complaint on the grounds that the defendant officer's conduct was measured by the "reckless disregard" standard of care under Vehicle and Traffic Law
§ 1104 and his operation of the police vehicle was not reckless as a matter of law and that plaintiffs did not sustain a serious injury as a result of the accident within the meaning of Insurance Law § 5102 (d). Supreme Court determined, in essence, that the reckless disregard standard did not apply but granted the motion in part on the ground that plaintiffs had either not sustained any serious injuries or not sustained certain categories of serious injury. The court otherwise denied defendants' motion, and defendants appeal from the order to that extent. We reverse the order insofar as appealed from.
We agree with defendants that the court erred in determining that the defendant officer's conduct was not measured by the "reckless disregard" standard of care under Vehicle and Traffic Law § 1104 (e) (see generally Kabir v County of Monroe, 16 NY3d 217, 230-231 [2011]; Dodds v Town of Hamburg, 117 AD3d 1428, 1429 [4th Dept 2014]). That standard of care "applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b)" (Kabir, 16 NY3d at 220) and, if applicable, the driver is "shielded from liability unless [he or she] is shown to have acted with reckless disregard' of the safety of others" (Palmer v City of Syracuse, 13 AD3d 1229, 1230 [4th Dept 2004]). Here, there is no dispute that the defendant officer was operating an "authorized emergency vehicle" and was "involved in an emergency operation" at the time of the accident (§ 1104 [a]). Furthermore, defendants' submissions in support of their motion established as a matter of law that the defendant officer was performing exempted conduct when he "proceed[ed] past a steady red signal . . . , but only after slowing [*2]down as may be necessary for safe operation" (§ 1104 [b] [2]; see
§ 1104 [a]), and plaintiffs failed to raise a triable issue of fact on that issue (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We note that the court's and plaintiffs' reliance on our decision in LoGrasso v City of Tonawanda (87 AD3d 1390 [4th Dept 2011]) is misplaced. Unlike the officer in LoGrasso, who complied with the rules of the road and thus was not subject to the reckless disregard standard of care (id. at 1391), the defendant officer here engaged in conduct that ordinarily constitutes a violation of Vehicle and Traffic Law § 1111 (d) (1) but is specifically exempted from the rules of the road under section 1104 (b) (2), i.e., he proceeded against a steady red light.
We further agree with defendants that they met their initial burden of establishing as a matter of law that the defendant officer's conduct did not "rise to the level of recklessness required of the driver of an emergency vehicle in order for liability to attach" (Szczerbiak v Pilat, 90 NY2d 553, 557 [1997]; see Vehicle and Traffic Law § 1104 [e]), and plaintiffs failed to raise a triable issue of fact (see Nikolov v Town of Cheektowaga, 96 AD3d 1372, 1373 [4th Dept 2012]). The purpose of the reckless disregard standard is to avoid "judicial second-guessing" of emergency vehicle drivers' split-second decisions that are made under high pressure conditions and to mitigate against the risk that liability might deter emergency vehicle drivers from acting decisively and taking calculated risks in the performance of their duties (Frezzell v City of New York, 24 NY3d 213, 217 [2014] [internal quotation marks omitted]; see Saarinen v Kerr, 84 NY2d 494, 501-502 [1994]). Thus, "for liability to be predicated upon a violation of Vehicle and Traffic Law § 1104, there must be evidence that the actor had intentionally done an act of unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Frezzell, 24 NY3d at 217 [internal quotation marks omitted]; see Palmer, 13 AD3d at 1229).
Here, the defendant officer's uncontroverted testimony established that he was responding to a disturbance call that was "[p]riority 1," i.e., the highest priority level, and that he took several precautions before proceeding into the intersection against the red light. Specifically, he slowed his vehicle to an almost complete stop, looked to his right and left, and then slowly proceeded into the intersection at a speed of about five miles per hour. When plaintiffs' vehicle came into the defendant officer's peripheral vision, he "slammed" his brake and attempted to avoid colliding with plaintiffs' vehicle. Where, as here, a defendant officer takes precautionary measures before engaging in exempted conduct under Vehicle and Traffic Law § 1104 (b), the police officer does not act with reckless disregard for the safety of others (see Williams v Fassinger, 119 AD3d 1368, 1369 [4th Dept 2014], lv denied 24 NY3d 912 [2014]; Dodds, 117 AD3d at 1430; cf. Nikolov, 96 AD3d at 1373-1374).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court