Martinez v City of New York (2019 NY Slip Op 06486)





Martinez v City of New York


2019 NY Slip Op 06486


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-11545
 (Index No. 18058/13)

[*1]Rafael Martinez, appellant,
v
City of New York, et al., respondents.


Friedman Sanchez, LLP, Brooklyn, NY (Emil Sanchez and Paul D. Creinis of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Elina Druker of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), entered October 16, 2017. The judgment, upon an order of the same court dated September 16, 2016, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for injuries he allegedly sustained when the vehicle he was operating collided with a marked police car operated by the defendant Steven Ramirez, a police officer, at an intersection in Brooklyn. Ramirez testified at a deposition that, at the time the accident took place, he was responding to a "10-85" call from a police dispatcher of an officer in need of assistance. The defendants asserted as an affirmative defense that they were entitled to the benefits of Vehicle and Traffic Law § 1104 because Ramirez was engaged in an emergency operation at the time of the accident and did not act in a reckless manner. After discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion and judgment was entered accordingly. The plaintiff appeals.
The plaintiff's contention that the defendants' motion for summary judgment was untimely is improperly raised for the first time on appeal. Contrary to the plaintiff's contention, the argument does not present a pure question of law appearing on the face of the record which could not have been avoided if raised at the proper juncture (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 829-830; Bingham v New York City Tr. Auth., 99 NY2d 355, 359; R & B Design Concepts, Inc. v Wenger Constr. Co., Inc., 153 AD3d 864, 864).
The defendants established their prima facie entitlement to judgment as a matter of law. The defendants demonstrated that Ramirez, who was responding to a police call, was engaged in an emergency operation when he proceeded through the intersection and the accident occurred (see Vehicle and Traffic Law § 114-b, 1104; Criscione v City of New York, 97 NY2d 152; Asante v Asante, 135 AD3d 562, 562; Mouring v City of New York, 112 AD3d 588, 589; Rincon v [*2]Dusenbury, 106 AD3d 974, 975; Herod v Mele, 62 AD3d 1269, 1270; Hughes v Chiera, 4 AD3d 872, 873; Lupole v Romano, 307 AD2d 697, 698; McCarthy v City of New York, 250 AD2d 654, 655). The defendants also demonstrated, prima facie, that Ramirez's actions were not reckless (see Frezzell v City of New York, 24 NY3d 213, 218; Saarinen v Kerr, 84 NY2d 494, 503-504; Asante v Asante, 135 AD3d at 562; Mouring v City of New York, 112 AD3d at 589; Rincon v Dusenbury, 106 AD3d at 975; Herod v Mele, 62 AD3d at 1270; Hughes v Chiera, 4 AD3d at 872).
The plaintiff failed to raise a triable issue of fact in opposition (see Zuckerman v City of New York, 49 NY2d 557, 562).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court