Williams v City of Buffalo (2024 NY Slip Op 03978)

Williams v City of Buffalo

2024 NY Slip Op 03978

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DELCONTE, KEANE, AND HANNAH, JJ.

459 CA 23-01213

[*1]MELVIN L. WILLIAMS, JR., AND EVELYN L. WILLIAMS, PLAINTIFFS-RESPONDENTS,
v
CITY OF BUFFALO, DEFENDANT-APPELLANT. 

NASH CONNORS, P.C., BUFFALO (ANDREW J. KOWALEWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
CONNORS LLP, BUFFALO (LAWLOR F. QUINLAN, III, OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 10, 2023. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover damages for injuries Melvin L. Williams, Jr. (plaintiff) sustained when the motorcycle he was operating struck a police vehicle owned by defendant City of Buffalo and operated by a City of Buffalo police officer. At the time of the accident, the officer was making a left turn at an intersection and failed to yield the right of way to plaintiff, who was approaching in the oncoming lane of travel. Defendant moved for summary judgment dismissing the complaint on the ground that the officer was engaged in the emergency operation of an authorized emergency vehicle at the time of the accident and that his operation of the vehicle was not reckless. Supreme Court denied the motion, and defendant now appeals. We affirm.
Pursuant to Vehicle and Traffic Law § 1104, the driver of an emergency vehicle who is engaged in an emergency operation may operate that vehicle in violation of the provisions of the Vehicle and Traffic Law so long as the driver's conduct falls within one of the four statutorily enumerated categories of privileged conduct (see Kabir v County of Monroe, 68 AD3d 1628, 1630 [4th Dept 2009], affd 16 NY3d 217 [2011]). Under those circumstances, the driver is exempt from the consequences of their ordinary negligence and liable only for conduct constituting "the higher standard of reckless disregard for the safety of others" (id.).
Defendant met its initial burden on the motion of establishing that the reckless disregard standard of care applies here by submitting evidence, including surveillance video, demonstrating that at the time of the accident the officer "was responding to a police call and was therefore operating an authorized emergency vehicle while involved in an emergency operation" (Williams v Fassinger, 119 AD3d 1368, 1369 [4th Dept 2014], lv denied 24 NY3d 912 [2014]; see Gernatt v Gregoire, 217 AD3d 1340, 1341 [4th Dept 2023]) and that he was engaged in privileged conduct inasmuch as his "fail[ure] to yield the right of way while attempting to execute a left turn at a green light . . . [is among] the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b)" (Williams, 119 AD3d at 1369 [internal quotation marks omitted]).
In opposition to the motion, plaintiffs submitted evidence, including a second surveillance video and an unsworn statement from an eyewitness (see Shaw v Rosha Enters., Inc., 129 AD3d 1574, 1577 [4th Dept 2015]), demonstrating that at the time of the accident the officer was not responding to a police call and, therefore, that the heightened reckless disregard [*2]standard of care did not apply to his conduct (see generally Rusho v State of New York, 76 AD3d 783, 784 [4th Dept 2010]). The conflicting evidence on the motion raises a triable issue of fact as to the applicable standard of care, which cannot be resolved on summary judgment (see Smith v NGM Ins. Co., 221 AD3d 1450, 1454 [4th Dept 2023], citing Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012]).
In light of our determination, we do not reach defendant's remaining contention.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court