■ Roy Muniz et al., Respondents, v City of Schenectady et al., Appellants. [830 NYS2d 622]—

Mercure, J.P. Appeal from an order of the Supreme Court (Reilly Jr., J.), entered September 16, 2006 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint.

In November 2003, plaintiffs were injured when the vehicle in which they were traveling struck Schenectady Police Officer Michael Glasser's police cruiser. Glasser was in the process of making a left-hand turn into the southbound lane of Rosa Road in the City of Schenectady, Schenectady County, at the time of the accident, which occurred at approximately 11:00 P.M. He had stopped at a stop sign on Mader Street and then, although construction blocked his view of Rosa Road, pulled forward into the intersection to make the turn without activating his lights or siren. When he saw plaintiffs' car approaching him in the northbound lane, Glasser stopped his vehicle in that lane, hoping that the car would either stop or proceed around him. Road conditions were wet due to a drizzling rain, however, and plaintiff Roy Muniz, the driver of the other vehicle, was unable to stop before colliding with the front driver's side of Glasser's cruiser.

Plaintiffs then commenced this action, alleging that defendants are vicariously liable for Glasser's actions. Following joinder of issue, defendants moved for summary judgment dismissing the complaint, asserting that Glasser was entitled to qualified immunity under Vehicle and Traffic Law § 1104 because he was responding to a police dispatch at the time of the accident and his conduct was not reckless. Supreme Court denied the motion and defendants now appeal, asserting that the court erred in finding a triable issue of fact regarding whether Glasser's operation of his patrol vehicle was reckless.

Vehicle and Traffic Law § 1104 (a) exempts the drivers of authorized emergency vehicles from the requirements of certain traffic laws when they are "involved in an emergency operation." As relevant here, the statute "precludes the imposition of liability for otherwise privileged conduct except where the

conduct rises to the level of recklessness" (*Saarinen v Kerr*, 84 NY2d 494, 497 [1994]; *see* Vehicle and Traffic Law § 1104 [e]; *Campbell v City of Elmira*, 84 NY2d 505, 510 [1994]; *O'Banner v County of Sullivan*, 16 AD3d 950, 952 [2005]). The parties do not dispute that Glasser was driving an emergency vehicle engaged in an emergency operation within the meaning of section Vehicle and Traffic Law § 1104 (a) at the time of the accident (*see Criscione v City of New York*, 97 NY2d 152, 157-158 [2001]); the sole question presented for our review is whether Glasser's conduct at the time of the accident rises to the level of recklessness. In order to demonstrate reckless disregard for the safety of others, a plaintiff must show that the defendant " 'has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*Saarinen v Kerr, supra* at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]; *see Lupole v Romano*, 307 AD2d 697, 698 [2003]). Upon our review of the record, we agree with Supreme Court that questions of fact exist regarding whether Glasser's conduct was reckless.

We note that "[w]hile the nature of the underlying police call or the officer's perception of its urgency is irrelevant for purposes of ascertaining whether the officer was engaged in an emergency operation [within the meaning of the statute], 'the nature of the call nevertheless is relevant in determining whether a responding officer's conduct was in reckless disregard for the safety of others' " (*O'Banner v County of Sullivan, supra* at 952, quoting *Allen v Town of Amherst*, 8 AD3d 996, 997 [2004]). Here, Glasser testified at his examination before trial that although he was responding to a routine, nonemergency call, he began his turn onto Rosa Road despite his limited visibility. Moreover, the accident occurred at approximately 11:00 P.M. and road conditions were wet, but he did not activate his siren or emergency lights. Rather than completing his turn into the southbound lane of Rosa Road—which was free from traffic—he stopped in plaintiffs' lane of travel when their vehicle was only 20 to 30 yards away. Under these circumstances, questions of fact remain regarding whether Glasser consciously disregarded a grave risk that his actions would cause a collision and probable harm to plaintiffs (*see O'Banner v County of Sullivan, supra* at 952; *Lupole v Romano, supra* at 698; *Rouse v Dahlem*, 228 AD2d 777, 779-780 [1996]; *cf. Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]). Accordingly, Supreme Court properly denied defendants' motion for summary judgment.

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.