■ CHRISTOPHER BECKWITH et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 104714.) [840 NYS2d 456]—

Kane, J. Appeal from a judgment of the Court of Claims (Hard, J.), entered December 15, 2005, upon a decision of the court in favor of claimants.

It is undisputed that in August 1999, claimant Christopher Beckwith (hereinafter claimant), who was then 15 years old, was operating a four-wheeled all-terrain vehicle (hereinafter ATV) on public roadways. This operation was inappropriate and

unlawful because he was unlicensed, the ATV was not registered or insured, the ATV was meant for only one rider but claimant had a passenger, and ATVs may not be driven on state roads. State Trooper William Conboy began following the ATV. Claimant eventually turned onto a state road, driving on the right shoulder. Conboy activated his lights, foghorn and the public address system telling the driver of the ATV to pull over, but claimant did not do so. Conboy pulled in front of the ATV and slowed his patrol car in an attempt to stop the ATV. The ATV passed the patrol car in the driving lane and returned to the right shoulder. When Conboy attempted the same maneuver a second time, the front of the ATV came into contact with the patrol car's rear bumper. The ATV then crossed over to the left shoulder. Conboy also crossed both lanes to the opposite side of the road in pursuit of the ATV. Conboy and the intern riding with him contended that they pulled the patrol car alongside or past the ATV, at which point the ATV veered off toward a field on the left, hit a drainage ditch and flipped over, ejecting both riders. Claimant and his passenger contended that the patrol car bumped them from behind, propelling the ATV off the road and into the ditch.

Claimant, and his parents derivatively, filed this personal injury action. After the liability phase of a bifurcated trial, the Court of Claims found that Conboy's patrol car was driven in a dangerous fashion with reckless disregard for the safety of claimant and his passenger and that it struck claimant's ATV prior to the crash. The court apportioned liability 90% to defendant and 10% to claimant. After a damages trial, the court entered judgment for claimant and his parents. Defendant appeals, limiting its arguments to the liability determination.

We affirm. "In independently reviewing the probative weight of the evidence and inferences to be drawn from it in this nonjury trial case, we accord deference to those findings of the Court of Claims which are based largely upon credibility determinations and concur in its factual findings" (*Butler v New York State Olympic Regional Dev. Auth.*, 307 AD2d 694, 695 [2003] [citations omitted]; *see Martin v State of New York*, 39 AD3d 905, 907 [2007], *lv denied* 9 NY3d 804 [2007]). As these factual and credibility findings are supported by a fair reading of the evidence, we see no reason to disturb the court's determination to accept the testimony of claimant, his passenger and an impartial eyewitness over the inconsistent testimony of Conboy and the intern (*compare Schieren v State of New York*, 281 AD2d 828, 830 [2001]). The court also explicitly outlined its basis for rejecting defendant's expert report and testimony.

Proximate cause is similarly a factual issue (*see Wilson v Vestal Cent. School Dist.*, 34 AD3d 999, 1000 [2006]). Accepting the Court of Claims' determination that the patrol car bumped the ATV off the road, and considering claimant's actions in attempting to flee from the police, the court did not err in holding that defendant was 90% liable because Conboy's negligence was a concurrent proximate cause of the accident (*see Humphrey v State of New York*, 90 AD2d 901, 902 [1982], *affd* 60 NY2d 742, 744 [1983]; *see also Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 675 [1999]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.