■ WENDY FLACK et al., Appellants, v STATE OF NEW YORK, Respondent. [870 NYS2d 500]—

Stein, J.

Claimant Wendy Flack (hereinafter claimant) sustained serious injuries in an automobile accident when the vehicle driven by State Trooper Michael Kijowski fishtailed out of control while he was driving in excess of 80 miles per hour, and spun 180 degrees into the opposite lane of oncoming traffic, hitting the car in which claimant was a passenger. Following a bench trial, the Court of Claims dismissed the claim, after determining that defendant was entitled to qualified immunity pursuant to Vehicle and Traffic Law § 1104 and that Kijowski's conduct did not rise to the level of recklessness. Claimants now appeal. While we agree that Kijowski was engaged in an emergency operation at the time of the accident, thereby entitling defendant to qualified immunity, inasmuch as we find that Kijowski's conduct was reckless, we reverse.

When an emergency vehicle, including a police vehicle, is involved in an emergency operation—such as pursuing an actual or suspected violator of the law—the driver of the emergency vehicle is entitled to qualified immunity and is only liable for

damages when the driver's conduct is found to be reckless (*see* Vehicle and Traffic Law §§ 101, 114-b, 1104 [a], [e]; *Saarinen v Kerr*, 84 NY2d 494, 497 [1994]; *Schieren v State of New York*, 281 AD2d 828, 830 [2001]). This rule strikes a balance that allows police officers "to carry out their important responsibilities [which] . . . will inevitably increase the risk of harm to innocent motorists and pedestrians" (*Saarinen v Kerr*, 84 NY2d at 502), while still protecting "the general public against disproportionate, overreactive conduct" (*Campbell v City of Elmira*, 84 NY2d 505, 512 [1994]).

Here, claimants dispute Kijowski's testimony that he was in pursuit of a speeding vehicle at the time of the accident. However, claimant's trial testimony that she did not see any other cars on the road at that time was contradicted by her deposition testimony that she saw something white coming at her that could have been a car. The testimony of the other three witnesses that they did not see any other cars on the road was equivocal. Further, there was no other explanation for why Kijowski would have been speeding in the opposite direction from the location of an appointment at which he was due to arrive briefly thereafter. Inasmuch as the Court of Claims' finding that Kijowski was engaged in an emergency operation rests on a credibility determination which is supported by a fair reading of the evidence, we decline to disturb it (*see Jackson v State of New York*, 51 AD3d 1251, 1252 [2008]; *Beckwith v State of New York*, 42 AD3d 828, 829 [2007]; *Schieren v State of New York*, 281 AD2d at 830).

However, we find that Kijowski's operation of his vehicle was reckless. A finding that Kijowski acted in reckless disregard of others requires a showing that he " 'has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and [that he] has done so with conscious indifference to the outcome" (*Saarinen v Kerr*, 84 NY2d at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]; *see* Restatement [Second] of Torts § 500; *Campbell v City of Elmira*, 84 NY2d at 510-511; *Muniz v City of Schenectady*, 38 AD3d 989, 991 [2007]; *Schieren v State of New York*, 281 AD2d at 830). In reviewing the Court of Claims' determination in this regard, "this Court may 'independently consider the [relative] probative weight of the evidence and the inferences that may be drawn therefrom' " (*Schieren v State of New York*, 281 AD2d at 830, quoting *Munno v State of New York*, 266 AD2d 694, 695 [1999]).

Here, it is undisputed that it was raining heavily at the time

of the accident, other cars on the road were traveling well under the speed limit, the road contained S-curves and knolls, and Kijowski knew that there recently had been other serious accidents caused by inappropriate speed in the area where this collision occurred. Additionally, while Kijowski testified that the reason he was chasing the speeding vehicle—which was traveling at 73 miles per hour—was that it posed a risk to the public based on the above conditions, he nevertheless pursued that car at a speed of over 80 miles per hour, a speed at which he had never driven on that road even under ideal conditions and a speed which he admitted posed a significant risk to the public (*see Fioriello v Sasson*, 255 AD2d 549, 550 [1998], *lv denied* 93 NY2d 817 [1999]). Under these circumstances, we find that Kijowski's conduct was reckless. Claimants' further contentions are rendered academic by this finding.

Cardona, P.J., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Court of Claims for a trial on the issue of damages.