JOHNNIE GREEN, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. [897 NYS2d 536]——

Cardona, P.J. Cross appeals from a judgment of the Court of Claims (Minarik, J.), entered February 13, 2009, upon a decision of the court in favor of claimant.

Claimant was injured when the car he was operating struck a troop car driven by State Trooper Peter Peters. At the time of the accident, Peters was attempting to make a U-turn from the southbound shoulder of County Route 11 in the Town of Gouverneur, St. Lawrence County into the northbound lane. Following a bench trial on liability, the Court of Claims found Peters and claimant each 50% liable for the collision. The court held that Peters was not entitled to qualified immunity under the Vehicle and Traffic Law because, although he was involved in an emergency operation at the time of the accident, his conduct was reckless. After a bench trial on damages, the court

awarded claimant $46,296.95 after taking into consideration claimant's negligence. The parties cross-appeal.

While we agree with the Court of Claims that Peters was involved in an emergency operation at the time of the accident, we do not agree that his conduct was reckless. Accordingly, we find that he was entitled to qualified immunity from liability under the Vehicle and Traffic Law.

When a police vehicle is involved in an emergency operation such as pursuing someone who is in violation of the law, the driver is entitled to qualified immunity unless he or she acts with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]; *see* Vehicle and Traffic Law §§ 101, 114-b, 1104 [a]; *Saarinen v Kerr*, 84 NY2d 494, 497 [1994]; *Flack v State of New York*, 57 AD3d 1199, 1199-1200 [2008]). In this case, Peters testified that, at approximately 5:20 P.M. on November 27, 2002, he was traveling in the southbound lane when he suddenly had to veer to the right to avoid an oncoming tractor trailer that had entered his lane to pass several vehicles in a no-passing zone. Peters testified that he immediately activated his emergency lights, pulled his vehicle completely into the breakdown lane, and came to a stop. He then waited for a break in the traffic so he could make a U-turn to pursue the tractor trailer (*see* Vehicle and Traffic Law § 1126 [a]). It was during the execution of this U-turn that the accident occurred. Notwithstanding some contradictory testimony from claimant and another witness, the Court of Claims accepted Peters' version of events and concluded that he was involved in an emergency operation at the time of the accident (*see* Vehicle and Traffic Law § 114-b). Since this factual finding rests on credibility determinations that are supported by a fair reading of the evidence, we will not disturb it (*see Flack v State of New York*, 57 AD3d at 1200; *Beckwith v State of New York*, 42 AD3d 828, 829 [2007]).

However, we do not agree with the Court of Claims' further conclusion that Peters' conduct in making the U-turn was "reckless" within the meaning of Vehicle and Traffic Law § 1104 (e). "This standard demands more than a showing of a lack of due care under the circumstances . . . . It requires evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with a conscious indifference to the outcome" (*Saarinen v Kerr*, 84 NY2d at 501 [internal quotation marks and citations omitted]; *see Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]; *Flack v State of New York*, 57 AD3d at 1200). Impor-

tantly, this standard requires " 'more than a momentary judgment lapse' on the part of the defendant" (*Ayers v O'Brien*, 13 NY3d 456, 459 [2009], quoting *Saarinen v Kerr*, 84 NY2d at 502).

With respect to his conduct immediately prior to the accident, Peters testified that after he stopped in the breakdown lane, he activated his left turn signal and looked over his shoulder and out the front window several times to ensure that traffic had stopped in both directions. He observed that the northbound traffic had stopped, and that a car approaching from the rear—claimant's car—appeared to have stopped about 20 yards behind him. Peters then pulled out approximately a foot and a half, until his left front wheel was just over the fog line, and stopped. At that time, he looked over his shoulder again. Feeling comfortable that claimant's car was stopped, he started to execute the U-turn. His vehicle got halfway across the road before it was struck in the side by claimant's car.

Much of Peters' testimony was corroborated by a witness to the accident, who indicated that she observed Peters stopped on the roadside with his emergency lights on. She saw him put on his left turn signal, inch out over the fog line, pause, and then begin to execute the U-turn. She also witnessed claimant's car hit Peters' vehicle. Notably, she testified that immediately prior to the accident, claimant slowed his car from about 55 miles per hour to about two miles per hour, then sped up just before striking Peters' vehicle. On the other hand, claimant testified that he slowed to about 40 miles per hour, then accelerated when he saw Peters hesitate after crossing over the fog line. It is noteworthy that claimant's airbag did not deploy upon impact, indicating that the accident likely occurred at a much lower speed.

Given the evidence of precautions taken by Peters before he attempted his U-turn, we find that he did not act with "conscious indifference" to the consequences of his actions (*Saarinen v Kerr*, 84 NY2d at 501). Rather, he acted under the mistaken belief that claimant's car had come to a complete stop, which constituted a momentary lapse in judgment not rising to the level of "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]; *see Szczerbiak v Pilat*, 90 NY2d at 557; *Saarinen v Kerr*, 84 NY2d at 502-503).

The parties' remaining contentions, to the extent not rendered academic by the foregoing, have been considered and found to be unpersuasive.

Peters, Spain, Stein and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and claim dismissed.