# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

286

CA 12-02252

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

JAYNE DODDS, AS EXECUTRIX OF THE ESTATE OF
LEONARD P. BORYSZAK, DECEASED, AND JAYNE DODDS,
AS EXECUTRIX OF THE ESTATE OF ELEANORE C.
BORYSZAK, DECEASED,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                           MEMORANDUM AND ORDER

TOWN OF HAMBURG AND JOHN A. BLUMAN,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

BENNETT, SCHECHTER, ARCURI & WILL, LLP, CHEEKTOWAGA (JAMES F.
GRANVILLE OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered May 3, 2012. The order denied the motion of defendants for summary judgment and denied the cross motion of Leonard P. Boryszak and Eleanore C. Boryszak for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendants' motion and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: On March 4, 2010, defendant John A. Bluman, a police officer employed by defendant Town of Hamburg, was on patrol in an unmarked police vehicle traveling southbound on Route 75 in the Town of Hamburg when, at the intersection with Lake Shore Road, he saw a vehicle traveling northbound with snow covering its windshield and the driver operating the vehicle with his head stuck out of the side window. As Bluman approached the traffic light at the intersection, the light turned green, whereupon he accelerated quickly ahead of other southbound traffic and watched other vehicles in two rear-view mirrors in preparation for making a U-turn to pursue the vehicle with the obstructed windshield. Bluman looked in his rear-view mirror, observed a couple of vehicles that he believed were sufficiently behind him, looked to his left, braked and started to make a U-turn. Bluman engaged his left turn signal prior to beginning the turn, but he did not activate the vehicle's emergency lights or siren. As Bluman began the U-turn from the right lane, another southbound

vehicle, traveling in the left southbound lane, crashed into the side of Bluman's police vehicle.  That vehicle was operated by former plaintiff Leonard P. Boryszak, and former plaintiff Eleanore C. Boryszak was a passenger therein.  They both died during the pendency of this action, and plaintiff was substituted as the executrix of their estates.  Defendants appeal and plaintiff cross-appeals from an order that denied defendants' motion for summary judgment and denied the former plaintiffs' cross motion for partial summary judgment on the issue of negligence.

We agree with defendants that Supreme Court erred in denying their motion for summary judgment, and we therefore modify the order accordingly.  At the time of the accident, Bluman was operating an "authorized emergency vehicle" (Vehicle and Traffic Law § 1104 [a]) and was engaged in an emergency operation by virtue of the fact that he was attempting a U-turn in order to "pursu[e] an actual or suspected violator of the law" (§ 114-b).  As the Court of Appeals recognized in *Kabir v County of Monroe* (16 NY3d 217, 220), "the reckless disregard standard of care in Vehicle and Traffic Law § 1104 (e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b).  Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence."  We conclude that, by attempting to execute a U-turn, Bluman's conduct was exempted from the rules of the road by section 1104 (b) (4).  As a result, his conduct is governed by the reckless disregard standard of care in section 1104 (e).

It is well settled that a " 'momentary judgment lapse' does not alone rise to the level of recklessness required of the driver of an emergency vehicle in order for liability to attach" (*Szczerbiak v Pilat*, 90 NY2d 553, 557).  Here, Bluman acted under the mistaken belief that the other southbound vehicles were sufficiently behind him and that it was, at that moment, safe to execute a U-turn.  This "constituted a momentary lapse in judgment not rising to the level of 'reckless disregard for the safety of others' " (*Green v State of New York*, 71 AD3d 1310, 1312, quoting Vehicle and Traffic Law § 1104 [e]).  "Given the evidence of precautions taken by [Bluman] before he attempted his U-turn, we [conclude] that he did not act with 'conscious indifference' to the consequences of his actions" (*id.*).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court