*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 22, 2015                518855
_____

LORETTA ROUSE-HARRIS et al.,
                    Appellants,

        v
                                        MEMORANDUM AND ORDER

CITY OF SCHENECTADY POLICE
    DEPARTMENT et al.,
                    Respondents.
_____


Calendar Date:   November 18, 2014

Before:   Lahtinen, J.P., McCarthy, Rose, Egan Jr. and Clark, JJ.

_____


        Grasso Rodriguez & Grasso, Schenectady (Christopher R.
Burke of counsel), for appellants.

        Burke, Scolamiero, Mortati & Hurd, LLP, Albany (Bryan D.
Richmond of counsel), for respondents.

_____


Clark, J.

        Appeal from an order of the Supreme Court (Kramer, J.),
entered July 3, 2013 in Schenectady County, which granted
defendants' motion for summary judgment dismissing the complaint.

        In March 2010, plaintiff Loretta Rouse-Harris (hereinafter
plaintiff) was injured when the car she was driving was struck by
a police cruiser.  Plaintiff was driving on Lafayette Street in
the City of Schenectady, Schenectady County at the time of the
accident, which occurred at dusk.  The headquarters for defendant
City of Schenectady Police Department is located at the corner of
Liberty and Lafayette Streets, and its driveway exits onto
Lafayette Street.  Defendant Kevin Derkowski is an officer with
the Department who turned his police cruiser left onto Lafayette

Street and collided with plaintiff's automobile.

Plaintiff and her husband, derivatively, then commenced this negligence action against defendants. Following joinder of issue, defendants moved for summary judgment dismissing the complaint, asserting that Derkowski was entitled to qualified immunity under Vehicle and Traffic Law § 1104 because he was in pursuit of a suspect at the time of the accident and did not behave recklessly. Supreme Court agreed and granted the motion, prompting this appeal by plaintiffs.

We affirm. "When an emergency vehicle, including a police vehicle, is involved in an emergency operation – such as pursuing an actual or suspected violator of the law – the driver of the emergency vehicle is entitled to qualified immunity and is only liable for damages when the driver's conduct is found to be reckless" (Flack v State of New York, 57 AD3d 1199, 1199-1200 [2008] [citations omitted]; see Vehicle and Traffic Law § 1104 [a], [e]; Saarinen v Kerr, 84 NY2d 494, 497 [1994]; Muniz v City of Schenectady, 38 AD3d 989, 990-991 [2007]). There is no question that Derkowski was engaged in an emergency operation while driving an emergency vehicle and, as such, the only question presented is whether his conduct rose to the level of recklessness. "In order to demonstrate reckless disregard for the safety of others, a plaintiff must show that the defendant has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Muniz v City of Schenectady, 38 AD3d at 991 [internal quotation marks and citations omitted]; see Frezzell v City of New York, 24 NY3d 213, 217 [2014]).

The facts here are largely undisputed. Derkowski intended to pursue a fleeing suspect in his patrol car, a pursuit that gained additional urgency when he spotted the suspect driving north on Lafayette Street (cf. Muniz v City of Schenectady, 38 AD3d at 991). Prior to turning onto the street in order to follow the suspect, Derkowski looked in both directions to ensure that no traffic was coming. His view of the southbound lane was obscured, however, by several illegally parked vehicles.

Derkowski then turned left onto the street and collided with plaintiff.  Derkowski did not activate his emergency lights or siren prior to turning, and plaintiff testified that it did not appear that Derkowski had his headlights on.  Inasmuch as the pursuit had just commenced and Derkowski checked for oncoming traffic before turning, his failure to have lights and sirens on constituted nothing more than "a momentary lapse in judgment not rising to the level of 'reckless disregard for the safety of others'" (Green v State of New York, 71 AD3d 1310, 1312 [2010], quoting Vehicle and Traffic Law § 1104 [e]; see Szcerbiak v Pilat, 90 NY2d 553, 557 [1997]; Saarinen v Kerr, 84 NY2d at 502-503; cf. Campbell v City of Elmira, 84 NY2d 505, 508-509, 511 [1994]).  Thus, even when viewed in the light most favorable to plaintiffs (see Hilton v Jones, 114 AD3d 1113, 1114 [2014]), the evidence establishes defendants' entitlement to summary judgment dismissing the complaint (see Frezzell v City of New York, 24 NY3d at 218-219; Szcerbiak v Pilat, 90 NY2d at 557; Saarinen v Kerr, 84 NY2d at 502-503; Dodds v Town of Hamburg, 117 AD3d 1428, 1429 [2014]).

Lahtinen, J.P., McCarthy, Rose and Egan Jr., JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court