Flood v City of Syracuse (2018 NY Slip Op 07869)





Flood v City of Syracuse


2018 NY Slip Op 07869


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1135 CA 18-00677

[*1]LAFAWN FLOOD, PLAINTIFF-RESPONDENT,
v
CITY OF SYRACUSE, CITY OF SYRACUSE POLICE DEPARTMENT AND JEREMY L. BALDWIN, DEFENDANTS-APPELLANTS. 






KRISTEN E. SMITH, CORPORATION COUNSEL, SYRACUSE (MARY L. D'AGOSTINO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
IZZO LAW OFFICE, PLLC, SYRACUSE (JANET M. IZZO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered December 21, 2017. The order denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiff commenced this action to recover damages for injuries that she allegedly sustained in a motor vehicle accident. On the morning in question, plaintiff was driving her vehicle an undetermined distance behind a patrol vehicle operated by defendant Jeremy L. Baldwin, a police officer employed by defendant City of Syracuse Police Department. Baldwin attempted to execute a U-turn in order to pursue a suspect in a domestic incident. Before he attempted the U-turn, he checked his driver's side and rearview mirrors, turned his head, and saw no vehicles behind him. Baldwin made an abrupt left and his vehicle collided with plaintiff's vehicle. Only thereafter, according to plaintiff's testimony, did Baldwin activate his overhead lights.
We agree with defendants that Supreme Court erred in denying their motion for summary judgment dismissing the complaint. "[T]he reckless disregard standard of care . . . applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b)" (Kabir v County of Monroe, 16 NY3d 217, 220 [2011]; see Dodds v Town of Hamburg, 117 AD3d 1428, 1429 [4th Dept 2014]). When the accident occurred, Baldwin was operating an "authorized emergency vehicle" (§ 1104 [a]), and he "was engaged in an emergency operation by virtue of the fact that he was attempting a U-turn in order to pursu[e] an actual or suspected violator of the law' " (Dodds, 117 AD3d at 1429, quoting § 114-b). Thus, Baldwin's conduct was exempted from the rules of the road by section 1104 (b) (4) and is governed by the reckless disregard standard of care in section 1104 (e) (see Dodds, 117 AD3d at 1429).
A " momentary judgment lapse' does not alone rise to the level of recklessness required of the driver of an emergency vehicle in order for liability to attach" (Szczerbiak v Pilat, 90 NY2d 553, 557 [1997]; see Dodds, 117 AD3d at 1429). In support of their motion, defendants submitted evidence of the precautions Baldwin took before he attempted the U-turn and established as a matter of law that Baldwin's conduct did not rise to the level of reckless disregard for the safety of others, i.e., "he did not act with conscious indifference' to the consequences of his actions" (Green v State of New York, 71 AD3d 1310, 1312 [3d Dept 2010]; see Dodds, 117 AD3d at 1430; cf. Perkins v City of Buffalo, 151 AD3d 1941, 1942 [4th Dept 2017]). Plaintiff failed to raise an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court