Jimenez-Cruz v City of New York (2019 NY Slip Op 02074)





Jimenez-Cruz v City of New York


2019 NY Slip Op 02074


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-03819
2017-03820
 (Index No. 502952/13)

[*1]Nelly Jimenez-Cruz, appellant,
v
City of New York, et al., respondents.


The Orlow Firm, Flushing, NY (Thomas P. Murphy of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Susan P. Greenberg and Elizabeth I. Freedman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Kings County (Katherine Levine, J.), both dated January 13, 2017. The first order denied the plaintiff's motion for summary judgment on the issue of liability. The second order granted the defendants' cross motion for summary judgment dismissing the complaint.
ORDERED that the orders are affirmed, with one bill of costs.
The plaintiff commenced this action to recover damages for injuries she allegedly sustained when the vehicle she was operating collided with a marked police car driven by the defendant Edwin Echevarria, a police officer. The collision occurred at the corner of Bushwick Avenue and Madison Street in Brooklyn. According to the deposition testimony of the plaintiff and Echevarria, the parties were each driving on Bushwick Avenue, approaching the intersection with Madison Street from opposite directions, and each had a green light. When Echevarria proceeded to turn left onto Madison Street, the two vehicles collided. In their answer, the defendants asserted as an affirmative defense that they were entitled to the benefit of Vehicle and Traffic Law § 1104 because Echevarria was engaged in an emergency operation at the time of the accident and did not act in a reckless manner.
The plaintiff moved for summary judgment on the issue of liability and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and granted the cross motion. The plaintiff appeals.
We agree with the Supreme Court's denial of the plaintiff's motion for summary judgment on the issue of liability, since she failed to demonstrate, prima facie, that the defendants' affirmative defense was without merit (see CPLR 3212[b]; Rodriguez v City of New York, 31 NY3d 312, 317; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We also agree with the Supreme Court's grant of the defendants' cross motion for summary judgment dismissing the complaint. The deposition testimony of Echevarria and his partner, transcripts of which were submitted in support of the defendants' cross motion, established that, at the time of the accident, Echevarria and his partner were in a marked police car, canvassing [*2]the neighborhood for two suspects matching certain descriptions in response to a radio call concerning a gunpoint robbery "in progress" occurring in the vicinity. The defendants thus established that Echevarria was operating "an authorized emergency vehicle, [while] engaged in . . . pursuing an actual or suspected violator of the law, or responding to, or working or assisting . . . [a] police call . . . or other emergency" and, as such, engaged in an emergency operation (Vehicle and Traffic Law § 114-b; see Criscione v City of New York, 97 NY2d 152). In addition, Echevarria was "engage[d] in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)" (Kabir v County of Monroe, 16 NY3d 217, 220) when he failed to yield the right-of-way to oncoming traffic while attempting to turn left (Vehicle and Traffic Law § 1104[a]; Kabir v County of Monroe, 16 NY3d at 223; Rouse-Harris v City of Schenectady Police Dept., 124 AD3d 1124; Williams v Fassinger, 119 AD3d 1368, 1369). Echevarria testified that he had a green light, stopped at the intersection with Madison Street, used his left turn signal, and waited to proceed until a vehicle on the other side of the street flashed its lights indicating for it to proceed before he began turning left and that he could not see any other vehicles approaching. Such testimony demonstrated that Echevarria's actions were not of an "unreasonable character" or done "in disregard of a known or obvious risk that was so great as to make it highly probable" that harm would result, and there were no facts from which it could be concluded that he acted "with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d 494, 501; see Frezzell v City of New York, 24 NY3d 213, 218).
The plaintiff failed to raise a triable issue of fact in opposition (see Zuckerman v City of New York, 49 NY2d 557, 562).
Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion for summary judgment on the issue of liability and grant of the defendants' cross motion for summary judgment dismissing the complaint.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court