Thomas v City of New York (2019 NY Slip Op 03837)





Thomas v City of New York


2019 NY Slip Op 03837


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-04612
 (Index No. 10467/13)

[*1]Josette Thomas, appellant, 
v
City of New York, et al., respondents.


Buttafuoco & Associates, Woodbury, NY (Ellen Buchholz of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton, Max O. McCann, and Lorenzo Di Silvio of counsel; Gerad Soman on the brief), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated February 3, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
This case involves a motor vehicle accident which occurred on April 10, 2012, at the intersection of Eastern Parkway and Atlantic Avenue in Brooklyn. A car driven by the plaintiff was struck by a fire truck operated by the defendant firefighter Michael Meyer. At the time of the accident, Meyer was responding to a reported fire with the lights and sirens of the fire truck activated. As Meyer made a right turn onto Atlantic Avenue from the left lane of Eastern Parkway, the rear of the fire truck struck the front of the plaintiff's vehicle, which had pulled over to the right-hand side of Eastern Parkway at the intersection.
Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation, and precludes the imposition of liability for otherwise privileged conduct except where the driver acted in reckless disregard for the safety of others (see Saarinen v Kerr, 84 NY2d 494, 497). Such standard "demands more than a showing of a lack of due care under the circumstances'—the showing typically associated with ordinary negligence claims. It requires evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d at 501, quoting Prosser & Keeton, Torts § 34 at 213 [5th ed 1984]; see Frezzell v City of New York, 24 NY3d 213, 217; Hemingway v City of New York, 81 AD3d 595, 595-596).
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary [*2]negligence" (Kabir v County of Monroe, 16 NY3d 217, 220). Conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b) includes disregarding regulations governing the direction of movement or turning in specified directions (see Vehicle and Traffic Law § 1104[b][4]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the reckless disregard standard of Vehicle and Traffic Law § 1104 was applicable to Meyer's conduct (see Vehicle and Traffic Law §§ 101, 114-b, 1104[b][4]; Kabir v County of Monroe, 16 NY3d at 220; Saarinen v Kerr, 84 NY2d at 499; Dodds v Town of Hamburg, 117 AD3d 1428, 1429), and that Meyer's conduct did not rise to the level of reckless disregard for the safety of others (see Frezzell v City of New York, 24 NY3d at 217-218; Saarinen v Kerr, 84 NY2d at 503; Dodds v Town of Hamburg, 117 AD3d 1428, 1429-1430). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court